## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>BRIAN KARWOSKI and MERITA KARWOSKI,<br><br>*Debtors.*<br><br>NICHOLAS J. DELZOTTI, as Chapter 7 Trustee for the Estate of Brian Karwoski and Merita Karwoski,<br><br>*Plaintiff,*<br><br>v.<br><br>ISMET SEMA & AMBER SKY HOME MORTGAGE, LLC,<br><br>*Defendants.* | Civ. Action No. 17-7762<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Nicholas Delzotti, in his capacity as a Chapter 7 trustee of a joint bankruptcy estate, moves for leave to appeal from an interlocutory order of the United States Bankruptcy Court, District of New Jersey ("Bankruptcy Court"). D.E. 2. Defendants filed a brief in opposition. D.E. 3.[1] The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiff's motion is **DENIED**.

---

[1] Plaintiff's motion for leave to file an interlocutory appeal (D.E. 2) will be referred to as "Pl. Brf." Defendants' brief in opposition (D.E. 3) will be referred to as "Def. Opp."

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff, in his capacity as a Chapter 7 trustee of the joint bankruptcy estate of Brian and Merita Karwoski ("Debtors"), brought an adversary proceeding asserting twenty counts against Defendants Ismet Sema and Amber Sky Home Mortgage, LLC.  Complaint ("Compl.") ¶¶ 36-168; D.E. 2.  Plaintiff asserted claims of gross mismanagement, breach of contract, conversion, and an improper transfer of assets.  *Id.* ¶ 1.

In July 2006, Debtor Brian Karwoski and Defendant Sema formed Amber Marketing, LLC ("Amber 1"), a business providing residential mortgage loan brokerage services.  *Id.* ¶ 9.  Karwoski and Sema each held 50% of the issued and outstanding interests in Amber 1.  *Id.*  Thereafter, in 2008, Karwoski and Sema formed Brick City Bar and Grill, LLC ("Brick City"), a restaurant in Newark, New Jersey.  *Id.* ¶ 11.  Karwoski was the on-site manager of Brick City, while Sema was the on-site manager of Amber 1.  *Id.* ¶ 12.

Within a few years, Karwoski and Sema's relationship deteriorated.  *Id.* ¶ 12.  Sema allegedly began mismanaging Amber 1 for his own benefit.  *Id.*  In or about 2012, Sema attempted to force Karwoski out of Amber 1 by forming Defendant Amber Sky Home Mortgage, LLC ("Amber 2"), a company that also provided residential mortgage loan brokerage services.  *Id.* ¶ 21. Sema did not give Karwoski any membership interest in Amber 2.  *Id.*  Sema then purportedly began to misuse Amber 1 for the benefit of Amber 2.  Sema transferred the business assets and profits of Amber 1 to Amber 2.  *Id.* ¶ 24.  He made Amber 1 pay for Amber 2's licensing fees, bank checks, and other unspecified property.  *Id.* ¶ 23.  Sema caused Amber 2 to receive profits for loans originated by Amber 1.  *Id.* ¶ 24.  The list goes on.  Eventually, Amber 1's funds were depleted and Sema caused it to surrender its mortgage broker license.  *Id.* ¶¶ 28-29.

On September 4, 2013, Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code. *Id.* ¶ 33. Eventually, the parties moved for summary judgment on the adversary proceeding. Plaintiff moved for judgment as to liability on three counts. 2017 Bankruptcy Order ("Br. Ord.") at 2; D.E. 2. Defendants cross-moved for summary judgment on all counts. *Id.* The Bankruptcy Court entered an Order on September 8, 2017 denying Plaintiff's motion for partial summary judgment and granting Defendants' cross-motion for summary judgment on Counts 1, 2, 6, 7, 8, 9, 10, 11, 12, 13, 14, 17, 20. *Id.* However, the grant of summary judgement was without prejudice and Plaintiff was given leave to file a motion to amend the Complaint. *Id.*

Pursuant to Federal Rule of Bankruptcy Procedure 8004(a)(2), Plaintiff now seeks leave to appeal from the interlocutory order of the Bankruptcy Court solely as to Count Two, alleging a fraudulent transfer. Pl. Brf. at 1. Plaintiff submits that the Bankruptcy Court erred in its determination that Count Two was a direct claim of Amber 1, rather than of Debtor Brian Karwoski. And therefore, Plaintiff continues, the Bankruptcy Court erred in finding that the Plaintiff trustee lacked standing to prosecute Count Two. *Id.* Defendants opposed this motion. D.E. 3. The matter is currently pending before this Court.

## II. LEGAL STANDARD

An interlocutory order is one which does not resolve all of the claims in a matter. *See In re White Beauty View, Inc.*, 841 F.2d 524, 525 (3d Cir. 1988). A district court has jurisdiction to hear interlocutory appeals from a bankruptcy court order. *In re Dwek*, No. ADV 09-1233, 2011 WL 487582, at *3 (D.N.J. Feb. 4, 2011) (citing 28 U.S.C. § 158(a)). 28 U.S.C. § 158(a), in relevant part, provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from interlocutory orders and decrees; of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."

It is well established that a circuit court uses the standard set forth in 28 U.S.C. § 1292(b) to decide whether to grant an appeal from a district court's interlocutory order. Within this district, courts also rely on the Section 1292(b) standard to decide whether to grant an appeal from a bankruptcy court's interlocutory order. *In re Dwek*, 2011 WL 487582, at *3; *Truong v. Kartzman*, No. CIV 06-3286, 2007 WL 1816048, at *2 (D.N.J. June 22, 2007); *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 156 (D.N.J. 2005). Section 1292(b) provides, in relevant part, as follows:

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order[.]

28 U.S.C. § 1292(b). Thus, a district court may certify a non-final order for interlocutory appeal where the order "(1) involve[s] a controlling question of law, (2) offer[s] substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately [would] materially advance the ultimate termination of the litigation." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (internal quotation marks omitted). A controlling question of law is one in which (1) "if erroneous, would be reversible error on final appeal;" or (2) is "serious to the conduct of litigation, either practically or legally." *Id.* at 755. "[Q]uestions about a [bankruptcy] court's application of facts of the case to established legal standards are not controlling questions of law for the purposes of section 1292(b)." *Morgan v. Ford Motor Co.*, No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007).

A substantial ground for difference of opinion must arise "out of genuine doubt as to the correct legal standard." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996). Mere disagreement with the lower court's ruling is not enough. *Id.* Rather, "[a] substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). Therefore, "when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id.*

Lastly, certification would materially advance the ultimate termination of the litigation "where the interlocutory appeal eliminates: (1) the need for trial; (2) complex issues that would complicate trial; or (3) issues that would make discovery more costly or burdensome." *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 635 (D.N.J. 2014). This element does not require a movant to establish that an appeal would *guarantee* termination of the litigation, but rather "requires the court to analyze whether an immediate appeal *may* materially advance the termination of the litigation." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, No. 13-2382, 2013 WL 6506570, at *3 (M.D. Pa. Dec. 12, 2013) (emphasis in original).

The burden is on the movant to demonstrate that all three requirements are met. *Piacentile v. Thorpe*, No. 12-7156, 2016 WL 3360961, at *2 (D.N.J. June 8, 2016). However, even if all three criteria are met, "the district court may still deny certification, as the decision is entirely within the district court's discretion." *Id.* Further, Section 1292(b) "is to be used sparingly and only in exceptional circumstances that justify a departure from the basic policy of postponing review until the entry of the final order." *Acosta v. Pace Local I-300 Health Fund*, No. 04-3885, 2007 WL 1074093, at *1 (D.N.J. Apr. 9, 2007) (internal quotation marks omitted); *see also*

5

*Kapossy*, 942 F. Supp. at 1001 (stating that interlocutory appeal is "used sparingly" since it is "a deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation") (internal quotation marks omitted).

## III.   LEGAL ANALYSIS

As stated above, Plaintiff seeks to appeal from the Bankruptcy's Court interlocutory order granting Defendants' summary judgment on Count Two of the Complaint. The question presented for appeal "is whether the Bankruptcy Court erred in concluding that Count Two was a claim held by Karwoski derivatively on behalf of Amber 1, rather than in his own right?" Pl. Brf. at 7.

### A.   Controlling Question of Law

Plaintiff claims that the question presented, the definition of a derivative claim as opposed to a direct claim (and the resultant impact on standing), presents a controlling question of law. Pl. Brf. at 8. Defendants concede that the issue presents a controlling question of law. Def. Opp. at 6. Thus, the parties do not contest the first element. Moreover, courts within the district have recognized that whether Plaintiff "has standing, if erroneously decided, would result in reversible error on final appeal" and, therefore, "implicates a controlling issue of law." *In re Barsan Contractors*, No. 04-12362, 2010 WL 3907116, at *4 (D.N.J. Sept. 30, 2010); *see Schnelling v. KPMG LLP*, No. CIV.A.05-CV3756, 2006 WL 1540815, at *2 (D.N.J. May 31, 2006). Thus, the Court finds that Plaintiff has presented a controlling question of law.

### B.   Substantial Ground for Difference of Opinion

Next, Plaintiff argues that a substantial difference of opinion exists with respect to the Bankruptcy Court's ruling on Count Two. Plaintiff argues that the Bankruptcy Court focused on "the underlying premise of the claim [of fraudulent transfer] . . . rather than on the overarching claim itself, which sought to recover a transfer of Karwoski's membership interest to Sema." Pl.

Brf. at 9. Plaintiff concludes that, "[s]urely, the means by which to determine whether a claim is derivative or direct involves nuances which render the determination subject to distinct differences of opinion." *Id.*

Defendants counter that "there is abundant undisturbed precedent that underpins the lower court's decision" on standing. Pl. Opp. at 6. To this point, Defendants argue that the Complaint "is clear that the gravamen of those claims alleged a peculiar injury to Amber Marketing, and only an indirect injury to Mr. Karwoski." *Id.* Defendants provide caselaw demonstrating that within this district a shareholder must allege a direct injury to have standing. Def. Opp. at 7 (quoting *Meade v. Kiddie Acad. Domestic Franchising, LLC*, 501 F. App'x 106, 108 (3d Cir. 2012) ("It is well established that, absent a direct individual injury, the president and principal shareholder of a corporation lacks standing to sue for an injury to the corporation.")).

Plaintiff has not illustrated that a substantial ground for difference of opinion exists here as to the Bankruptcy Court's ruling on Count Two. In fact, Plaintiff admits in a supporting certification that his claim is "novel." Certification of Andrew Pincus ("Pincus Cert."), at 6 n.2; D.E. 2. Plaintiff argues that the Bankruptcy Court missed the forest for the trees when the judge focused on the transfer of assets from Amber 1 to Amber 2, rather than on Brian Karwoski's right to recover his membership rights in his and Sema's jointly-owned enterprises. However, the Bankruptcy Court adequately explained that summary judgment was appropriate because the dismissed "counts assert claims held by Amber Marketing, LLC, [Amber 1] rather than Brain Karwoski in his individual capacity, and thus the Trustee lacks standing to assert such claims." Br. Ord. at 1. Moreover, the law concerning when a shareholder lacks standing to sue for an injury to the corporation is well settled. *Franchise Tax Bd. of California v. Alcan Aluminum Ltd.*, 493 U.S. 331, 336 (1990); *Meade, LLC*, 501 F. App'x at 108; *see Cent. Jersey Freightliner, Inc. v.*

*Freightliner Corp.*, 987 F. Supp. 289, 301 (D.N.J. 1997) ("It is a well-established rule that a shareholder—even the sole shareholder—does not have standing to assert claims alleging wrongs to the corporation.") (internal quotation omitted). Moreover, whether a claim is derivative or direct is a question of state law. *In re SemCrude L.P.*, 796 F.3d 310, 316 (3d Cir. 2015). Here, Plaintiff does not argue either that the Bankruptcy Court misapplied state law or that there was substantial difference of opinion existing within the relevant law. Therefore, Plaintiff has not raised a genuine doubt as to whether the Bankruptcy Court applied the correct legal standard. Mere disagreement with the Bankruptcy Court's analysis does not create a substantial difference of opinion. *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 210 (D.N.J. 1996), *aff'd*, 141 F.3d 1154 (3d Cir. 1998). Thus, the Court finds that Plaintiff has not shown that a substantial difference of opinion exists.

### C. Materially Advance Termination of Litigation

Finally, Plaintiff argues that granting an immediate appeal would materially advance the ultimate termination of the litigation. Pl. Brf. at 10. Plaintiff claims that:

> if the Court denies leave to appeal, and the Bankruptcy Court denies the Trustee's motion for leave to amend with relation back, the Trustee will be required to try the remaining counts of the complaint and then appeal the [Bankruptcy] Court's September 8, 2017 decision at the end of the case. If the Trustee is successful in that appeal at that time, the Bankruptcy Court would then be required to conduct a second trial on Count Two.

*Id.* Defendants respond that "[o]ther than a vague and otherwise unexplained assertion that there may be a need for a second trial, there is no analysis set forth is support of the Trustee's position." Def. Opp. at 9. Defendants add that the Bankruptcy Court dismissed thirteen of the twenty counts asserted in Plaintiff's Complaint, that Plaintiff only challenges the dismissal of one count, and that six counts remain before the Bankruptcy Court. *Id.*

Plaintiff fails to demonstrate that an interlocutory appeal would materially advance the ultimate termination of this litigation. Plaintiff's proffered evidence in support of this element is entirely speculative. It assumes an occurrence of events and outcomes which may, or just as easily may not, come to pass. Moreover, Plaintiff has not challenged the dismissal of the other twelve counts that the Bankruptcy Court granted Defendants summary judgment on. Further, Plaintiff states that the Bankruptcy Court granted him leave to file a motion for leave to amend the Complaint as a derivative of Amber 1, and that he has already done so. Pl. Brf. at 1.

Finally, and most importantly, Plaintiff has failed to adequately explain how his interests will not be sufficiently protected by the six remaining counts. Thus, even if Plaintiff were successful on the second element, the Court would nevertheless deny Plaintiff's motion because he has failed to sufficiently establish the third element as to materially advancing the termination of the litigation.

## IV.    CONCLUSION

For these reasons, and for good cause shown,

IT IS on this 6th day of August, 2018,

**ORDERED** that Plaintiff's motion for leave to appeal from the interlocutory order of the Bankruptcy Court (D.E. 2) is **DENIED**.

John Michael Vazquez, U.S.D.J.

9